UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN F. ELLIS,

    Plaintiff,

    v.

R. BROWN, et al.,

    Defendants.

No. 2:21-cv-1635-WBS-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.[1] For the reasons stated below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

/////

---

[1] Accordingly, plaintiff's previously filed motion for leave to proceed in forma pauperis (ECF No. 5) is moot, and the court withdraws its December 7, 2021 findings and recommendations (ECF No. 9) to deny that application because of an inadequate showing of indigency.

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) alleges the following: Plaintiff's serious medical needs include chronic pain, hypertension, liver disease, fibrosis, T4 paraplegic, degenerative joint disease, and meningitis. Plaintiff is prone to urinary tract infections and decubitus ulcers. *Id.* at 11. On an unspecified date, plaintiff was told by defendant Brown that he would be transferred from the California Medical Facility ("CMF") because of an institutional need to make housing

2

changes for purposes of Covid-19 housing planning. *Id.* at 11-14.  Plaintiff told Brown that he was at high risk of complications from Covid-19 and that he did not want to be transferred. *Id.* Brown responded that if plaintiff refused to be transferred, then plaintiff would have to be housed in administrative segregation. *Id.* at 12.  Defendants Brown, Cueva, and Gipson all approved plaintiff's transfer out of CMF. *Id.* 13, 14.

On October 9, 2021, plaintiff was transferred to the California Health Care Facility ("CHCF"). *Id.* at 12.  Plaintiff was supposed to be housed in a single cell that was compliant with the Americans with Disability Act, but none was available and he was stuck in the "crisis unit" (for suicidal inmates) for five weeks. *Id.* at 13.  Before long, plaintiff developed a decubitus ulcer. *Id.*  He then contracted legionaries' disease from contaminated water at CHCF, which led to pneumonia and a urinary tract infection.  Plaintiff also became infected with Covid-19. *Id.* Plaintiff claims that defendant Burton, the warden at CHCF should not have accepted plaintiff into his prison knowing there had been outbreaks of both Covid-19 and legionnaires disease. *Id.* at 14.

Plaintiff asserts Eighth Amendment deliberate indifference to safety and medical needs claims against all defendants. *Id.* at 16-17.  Plaintiff's claims cannot survive screening.  Eighth Amendment liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Although plaintiff did not want to be transferred from CMF, it does not follow that a transfer necessarily posed a substantial risk of serious harm to plaintiff.  Rather, plaintiff was informed that the transfer was prompted by CMF's need to change its housing structure in response to the Covid-19 pandemic.  Despite the very serious medical problems that plagued plaintiff following the transfer, the CMF defendants did not approve of the transfer knowing these problems were inevitable or even likely.  The complaint also fails to specify facts showing how the CHCF warden acted with deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment.  That there had been outbreaks of Covid-19 and legionaries disease at CHCF is not enough.

/////

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

/////
/////
/////

Conclusion

Accordingly, IT IS ORDERED that:

1. The December 7, 2021 findings and recommendations (ECF No. 9) are withdrawn;

2. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

3. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: March 11, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE