1

2

3

4

5

6

7

8

9                              UNITED STATES DISTRICT COURT

10                        FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12     BENJAMIN F. ELLIS,                          No. 2:21-cv-1635-WBS-EFB P

13                    Plaintiff,

14          v.                                     FINDINGS & RECOMMENDATIONS

15     R. BROWN, et al.,

16                    Defendants.

17

18          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

19     U.S.C. § 1983.  After a dismissal by the court, plaintiff has filed an amended complaint, which

20     the court must screen.  *See* ECF Nos. 11 & 12.

21          Federal courts must engage in a preliminary screening of cases in which prisoners seek

22     redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23     § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24     of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25     relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26     relief."  *Id.* § 1915A(b).

27     /////

28     /////

                                                    1

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

Plaintiff's complaint (ECF No. 1) alleges the following: Plaintiff's serious medical needs include chronic pain, hypertension, liver disease, fibrosis, T4 paraplegic, degenerative joint disease, and meningitis. Plaintiff is prone to urinary tract infections and decubitus ulcers. *Id.* at 11. On an unspecified date, plaintiff was told by defendant Brown that he would be transferred from the California Medical Facility ("CMF") because of an institutional need to make housing changes for purposes of Covid-19 housing planning. *Id.* at 11-14. Plaintiff told Brown that he was at high risk of complications from Covid-19 and that he did not want to be transferred. *Id.* Brown responded that if plaintiff refused to be transferred, then plaintiff would have to be housed in administrative segregation. *Id.* at 12. Defendants Brown, Cueva, and Gipson all approved plaintiff's transfer out of CMF. *Id.* 13, 14.

On October 9, 2021, plaintiff was transferred to the California Health Care Facility ("CHCF"). *Id.* at 12. Plaintiff was supposed to be housed in a single cell that was compliant with the Americans with Disability Act, but none was available and he was stuck in the "crisis unit" (for suicidal inmates) for five weeks. *Id.* at 13. Before long, plaintiff developed a decubitus ulcer. *Id.* He then contracted legionaries' disease from contaminated water at CHCF, which led to pneumonia and a urinary tract infection. Plaintiff also became infected with Covid-19. *Id.* Plaintiff claims that defendant Burton, the warden at CHCF should not have accepted plaintiff into his prison knowing there had been outbreaks of both Covid-19 and legionnaires disease. *Id.* at 14.

Plaintiff asserts Eighth Amendment deliberate indifference to safety and medical needs claims against all defendants. *Id.* at 16-17. Plaintiff's claims cannot survive screening. Eighth Amendment liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Although plaintiff did not want to be transferred from CMF, it does not follow that a transfer necessarily posed a substantial risk of serious harm to plaintiff. Rather, plaintiff was informed that the transfer was prompted by CMF's need to change its housing structure in response to the Covid-19 pandemic. Despite the very serious medical problems that plagued plaintiff following the transfer, the CMF defendants did not approve of the transfer knowing these problems were inevitable or even likely. The complaint also fails to specify facts showing how the CHCF warden acted with deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment. That there had been outbreaks of Covid-19 and legionaries disease at CHCF is not enough.

ECF No. 11 at 2-3.

The amended complaint (ECF No. 12) is simply a repackaging of the original complaint. It does not add any new allegations to cure the deficiencies identified in the court's prior

screening order.  The amended complaint adds that plaintiff was transferred to CHCF at a time when CDCR had imposed limitations and suspensions of inmate transfers and movements.  ECF No. 12 at 14.  This new allegation, however, is not enough to satisfy the deliberate indifference requirement.  Plaintiff has already made clear that his transfer was necessitated by CMF's need "to change its housing structure in response to the COVID pand[e]mic . . . ."  ECF No. 12 at 15.  There are no new allegations demonstrating that any defendant deliberately disregarded the risks of harm to plaintiff or otherwise carried out his transfer in an unsafe manner.  Boiled down, plaintiff's claim is that he had serious medical needs and was transferred to another prison during the Covid-19 pandemic.  This alone does not amount to a constitutional violation.  Further, despite the very serious medical problems that plagued plaintiff following the transfer, warden Burton cannot be held responsible simply because of his role as a supervisor.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Based on the foregoing, the court finds that plaintiff is unable to state a cognizable federal claim for relief and this action should be dismissed without further leave to amend.  *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 12) be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 13, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3